## Richard Curran v. Samuel E. Webbe.

1. Mechanic's Lien—*Under Written Contracts Containing No Provision as to the Time in Which the Work is to be Performed.*—When a written contract contains no provision as to the time in which the work is to be performed, or the money paid, there can be no lien.

Petition for a Mechanic's Lien.—Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in this court at the October term, 1900. Reversed. Opinion filed October 24, 1901.

Sullivan & McArdle, attorneys for appellant.

Defrees, Brace & Ritter, attorneys for appellee.

Mr. Justice Adams delivered the opinion of the court.

This is an appeal from a decree for a mechanic's lien in favor of appellee and against appellant. The contract under which it is claimed the materials were furnished and the work done, is in writing, is dated July 16, 1897, and purports to be between Samuel E. Webbe, party of the first part, and Richard Curran, party of the second part, and contains the following:

" Witnesseth, that the said party of the first part, for and in consideration of the payment to be made to him by the said second party, as hereinafter provided, do hereby covenant, contract and agree to furnish and set cut stone in building on Edgerton avenue and Sixtieth street, as follows: To top of 2nd floor by July 23; to top of 3rd floor by July 29, and balance, so as not to delay roof, by August 4, 1897; * * * and the second party, for and in consideration of the first party completely and faithfully executing the aforesaid work * * * do hereby agree to pay to said party the sum of nine thousand five hundred dollars, in manner following, viz.: provided work is finished, as

before mentioned, July 17, $1,675; July 23, $1,000; July 29, $2,000; Aug. 4, $1,000; when cornice is set, $2,000; balance at completion."

If the words in the first part of the contract above quoted, viz., "and balance, so as not to delay roof, by Aug. 4, 1897," stood alone, it might be, at least, doubtful whether the words "by Aug. 4, 1897," refer to the time when the roof was to be put in place, or to the time of completion of appellee's contract; but the subsequent part of the contract providing for the payment to appellee of $1,000 August 4, 1897, and of $2,000 when cornice is set, and the balance thereafter, "at completion," leaves no room to doubt that the words "by Aug. 4, 1897," in the first part of the contract, were intended by the parties to refer to the time when the roof was to be in place, and not to the time for the completion of appellee's contract. That such was appellee's understanding appears from his testimony. He testified:

"I was to get the rest of the work done after we reached the roof, so as not to delay the completion of the building; that was really the agreement we had. He had plenty of time to do that, and of course, the two weeks were mentioned in regard to the cornice, but there was the other work besides the cornice; there was the entrances, the washing down and the tuck pointing, but there was no given time for the whole thing; he says, however, it had to be done in such a manner as not to interfere with the rest of the building; that is, if the roof of the building was complete, then my work should be completed, and if the rest of the building took six months, then, of course, I could not finish my work. The cornice balustrades could not have been put on before the roof was put on."

Since the decree appealed from was rendered, it has been held by the Supreme Court in two cases (Freeman v. Rinaker, 185 Ill. 172, and Kelley v. Northern Trust Co., 190 Ib. 401), that when a written contract contains no provision as to the time within which the work is to be performed, or the money to be paid, there can be no lien. These decisions are conclusive as against appellee's right to a lien. The decree will be reversed.